# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRUCE ALAN MORTON,
   *Plaintiff-Appellant,*

   v.

JAMES HALL, e/s/a Jim Hall;
VINCENT ANDERSON; CHRISTY HALE;
RICHARD HOWELL; ALBERT LUNA,
   *Defendants-Appellees.*

No. 07-55574

D.C. No.
CV-04-00831-SVW

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 1, 2010*
Pasadena, California

Filed March 12, 2010

Before: Ronald M. Gould and Sandra S. Ikuta,
Circuit Judges, and Lloyd D. George, District Judge.**

Opinion by Judge Gould

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

## COUNSEL

Konrad L. Trope, Novo Law Group, P.C., Los Angeles, California, for the plaintiff-appellant.

Kenneth G. Lake, Deputy Attorney General for the State of California, Los Angeles, California, for the defendants-appellees.

## OPINION

GOULD, Circuit Judge:

Plaintiff-Appellant Bruce Alan Morton ("Morton") appeals the dismissal of his Eighth Amendment 42 U.S.C. § 1983 claim against prison officials alleging that their deliberate indifference contributed to a violent assault on him by inmates on June 18, 2003. The district court found that Morton had failed to exhaust prison administrative remedies with regard to this claim as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I

On June 18, 2003, Morton was assaulted by unknown inmates in the prison yard at Ironwood State Prison in Blythe, California ("Ironwood"). It is not clear why he was assaulted, although he alleges it was because inmates gained access to his prison central file ("C-file") and learned facts relating to his commitment offense (assault and murder of his five-year-old step-daughter) that stigmatized him as a sex-offender. Following the assault, Morton was moved to protective administrative segregation pending investigation of the assault. Morton was later transferred to a protective housing unit at Corcoran State Prison ("Corcoran").

On July 13, 2003, following the assault, Ironwood denied Morton visitation rights with minors. The grounds for doing so were based on Section 3173.1, title 15 of the California Code of Regulations, which imposes visiting restrictions on inmates arrested for or convicted of offenses involving minors, including sex offenses and homicide. Morton filed a grievance with the prison administration regarding this restriction on a standard California Department of Corrections ("CDC") "Form 602," as required by governing regulations, *see* Cal. Code Regs. tit. 15, § 3084.2(a), and eventually

exhausted his administrative remedies as to the denial of his visitation rights, *see* Cal. Code Regs. tit. 15 § 3084.5(e).

Morton filed the present action in district court against Ironwood's warden, associate warden, three corrections counselors, and two corrections officers (collectively "Defendants"). He alleged four state-law causes of action and an Eighth Amendment violation under 42 U.S.C. § 1983. His § 1983 claim was premised on three discrete theories: (1) the deliberate indifference of prison staff contributed to his June 2003 assault, (2) his confinement to administrative segregation following the assault was unlawful, and (3) denial of visitation rights with minors was a serious deprivation of his rights. Defendants subsequently moved for summary judgment and argued, inter alia, the affirmative defenses of failure to exhaust administrative remedies under the PLRA and qualified immunity.

The district court held an evidentiary hearing on September 18, 2006, on Defendants' exhaustion argument. Morton presented no evidence of exhaustion as to his claims of assault and improper administrative segregation. Defendants submitted the testimony of Robert Hall, the Inmate Appeals Coordinator at Corcoran, and Patrick Tonra, the Inmate Appeals Coordinator at Ironwood. Both men provided a detailed overview of the record-keeping system for administrative appeals at each prison. Both men declared that they had reviewed hard-copy and electronic records and had found no evidence that Morton had ever filed a grievance pertaining to his assault. They testified that the only grievance for which records existed was Morton's complaint relating to denial of visitations with minors.

The district court found that Morton had failed to exhaust administrative remedies on his § 1983 claims regarding the assault and administrative segregation, and dismissed those claims without prejudice. The district court found that Morton had exhausted his § 1983 claim regarding the denial of visita-

tion rights, but the district court granted summary judgment for Defendants on the grounds that Morton had failed to state a constitutional or statutory violation and Defendants were protected by qualified immunity and the Eleventh Amendment. The district court denied Morton's request for additional discovery under Federal Rule of Civil Procedure 56(f) on the grounds that it was rendered irrelevant in light of the partial dismissal and grant of summary judgment. The district court then declined to exercise supplemental jurisdiction on the remaining state-law claims and entered final judgment for Defendants on Morton's federal-law claims.

Morton timely appealed. On appeal, Morton challenges only the dismissal of his § 1983 claim alleging that the deliberate indifference of prison officials contributed to his assault (the "§ 1983 assault claim"). He argues that he was not required to exhaust the claim, that he did in fact exhaust the claim, and that the district court abused its discretion by denying his request for additional discovery under Federal Rule of Civil Procedure 56(f).

## II

In reviewing a dismissal for failure to exhaust administrative remedies, we review the district court's legal conclusions de novo and factual findings for clear error. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). We review the decision not to permit additional discovery under Rule 56(f) for abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

[1] According to the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In his opening brief, Morton argues that he was not required to exhaust administrative remedies under the PLRA with respect to his § 1983 assault claim because internal CDC grievance procedures do not provide a remedy in the form of money damages. This is an incorrect statement of law. Morton relies on outdated authority from this circuit overruled by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001).[1] "The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must." *Id.* at 733.

**[2]** In his reply brief, Morton concedes that *Booth* requires that he exhaust his administrative remedies, but argues instead that he did in fact exhaust administrative remedies on his § 1983 assault claim. In deciding a motion to dismiss for failure to exhaust nonjudicial remedies under the PLRA, a district court "may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). At the hearing before the district court on exhaustion, Morton presented no evidence that he had exhausted this claim. On the other hand, Defendants presented the testimony of persons charged with administrative-appeals record keeping at both Ironwood and Corcoran, who both testified that neither prison had a record of any such grievance ever being filed. Moreover, Morton's C-file contained no record of such a grievance. On this record, the district court did not commit clear error by finding that Morton had failed to exhaust administrative remedies on his § 1983 assault claim.

Morton also argues that he exhausted his § 1983 assault

---

[1]The authorities relied on by Morton were *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999), and *Lunsford v. Jumao-As*, 155 F.3d 1178 (9th Cir. 1998) (order).

claim by exhausting his challenge to the CDC's decision to deny him visitation with minors. According to Morton, the denial of visitation with minors "arose out of the same facts and circumstances" as his § 1983 assault claim and therefore exhausted both claims.

**[3]** The level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). However, "when a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin*, 557 F.3d at 1120 (internal quotation marks omitted). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." *Id.*

**[4]** In this case, California regulations required Morton to lodge his administrative complaint on CDC Form 602 and "to describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). The Form 602 Morton filed relating to the visitation restriction does not even mention the assault or theorize that the visitation restriction imposed was related to the assault. Rather, Morton stated his problem as follows:

> Sometime on or near June 30, 2003 the visiting staff at Ironwood State Prison permanently restricted me from having visits from anyone under 18 years of age, whether they are a relative or not. Upon my family and I inquiring as to why, the response they and I receive is I was convicted of PC 273d. I have a list of all the PC restricting visits from minors and I was never charged with nor convicted with 273d or any of . . . the PC listed on the visiting regulations sheet.

This was insufficient to put prison officials on notice of Morton's complaint that prison-staff conduct contributed to his

June 2003 assault. Accordingly, Morton did not exhaust administrative remedies on his § 1983 assault claim.

The district court was required to dismiss Morton's complaint because he did not exhaust administrative remedies, and therefore it did not abuse its discretion by denying Morton's request for additional discovery under Federal Rule of Civil Procedure 56(f).

### III

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**