BLD-177                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3471
_____

JOE M. TONEY, JR.,
                                        Appellant

v.

B. A. BLEDSOE, WARDEN; MS. REAR, ASSISTANT WARDEN;
J. CARPENTER, CORRECTIONAL OFFICER; G. KULAGO, CORRECTIONAL
OFFICER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-01412)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 13, 2011)
_____

OPINION
_____

PER CURIAM

        Joe M. Toney, Jr., appealed orders of the District Court 1) granting summary

judgment in favor of the defendants, 2) denying his request for a preliminary injunction

or temporary restraining order (TRO), 3) declining to appoint counsel, and 4) denying his motion for reconsideration. His notice of appeal was filed after the sixty days allowed by Federal Rule of Appellate Procedure 4(a)(1)(B). We construed his August 10, 2010, letter to the District Court as requesting the reopening of time to file an appeal, see Fed. R. App. P. 4(a)(6), and held this appeal in abeyance pending the District Court's ruling on the 4(a)(6) motion. His request has since been granted, and the matter is now ripe for appellate review.[1] For the following reasons, we will summarily affirm the judgment of the District Court on all grounds.

## I.

This suit arises out of a June 25, 2009, incident, in which appellant Toney—a federal prisoner then housed at USP Lewisburg—was brutally assaulted by another inmate, Jeffrey Clark. The basic facts are not in dispute: Clark was brought to Toney's cell by several correctional officers; Toney voluntarily submitted to restraints (per standard operating procedure) prior to the introduction of his new cellmate; following his entry, Clark was freed from restraints, produced a knife, and assaulted Toney, whose hands were still bound; and, after the passage of an uncertain amount of time and after ignoring the repeated commands of the officers, Clark ceased attacking Toney and surrendered. Toney was treated for "multiple lacerations, puncture wounds, and an avulsed right upper tooth"; most of his injuries were superficial. See Toney v. Bledsoe,

---

[1] In response to the District Court's order granting his Rule 4(a)(6) motion, Toney filed an amended notice of appeal.

No. 4:CV-09-1412, 2010 U.S. Dist. LEXIS 7621, at *5–8 (M.D. Pa. Jan. 29, 2010).

Proceeding pro se and in forma pauperis, Toney filed suit under <u>Bivens</u>[2] on July 19, 2009, alleging what appeared to be an Eighth Amendment claim against the named defendants—the warden, assistant warden, and two correctional officers. Toney claimed that the officers "refuse[d] to open the door and let [him] out" during the assault, and that when he returned to his cell later, blood was still all over the walls and floor. Compl. ¶ IV, ECF No. 1. He requested both monetary damages and injunctive relief.[3] A motion for appointment of counsel was denied. <u>See</u> Order, ECF No. 13.

The defendants moved to dismiss the complaint or, in the alternative, for summary judgment. They pointed out that Toney, in his complaint, had admitted that his grievance process[4] was not complete at the time of filing. <u>See</u> Compl. ¶ II(C). As he had failed to

---

[2] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[3] We note that Toney has since been transferred to USP Florence in Florence, Colorado. <u>See, e.g.</u>, Pl.'s Mot. for Enlargement of Time, ECF No. 65. Accordingly, his request for injunctive relief—mainly placement on "single-cell" status for the "remainder of [his] stay [at Lewisburg]", <u>see</u> Compl. ¶ V(3)—is moot.

Toney later filed a separate request for a preliminary injunction or a temporary restraining order (TRO), claiming that the defendants were retaliating against him by poisoning his food, discarding his property, and preventing him from accessing legal materials. <u>See</u> Mot. for Preliminary Injunction or TRO, ECF No. 32. Again, as Toney is no longer housed at Lewisburg, this request is also moot, and we therefore will not review the District Court's disposition on the topic of injunctive relief.

[4] <u>See</u> 28 C.F.R. § 542.10 *et seq.* (delineating administrative review process in facilities run by the Bureau of Prisons).

"present his claims through an administrative grievance process before seeking redress in federal court," the Prison Litigation Reform Act (PLRA) mandated judgment in the defendants' favor. See Def.'s Br. 15–16, ECF No. 29.

The District Court agreed, granting summary judgment in favor of the defendants because "[i]t [was] patently clear from the chronological background of this action that Toney ha[d] failed to exhaust his administrative remedies before filing the above captioned action." Toney, 2010 U.S. Dist. LEXIS 7621, at *14. The accompanying order also denied Toney's request for discovery. A timely motion for reconsideration followed, which was denied.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "The standard of review applicable to an order granting summary judgment is plenary." Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). In reviewing the decision of the District Court, we apply "the same standard that the lower court should have applied." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000); see also Fed. R. Civ. P. 56(c)(2) (2009) (summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law").[5] We also must "view all evidence

---

[5] Rule 56 was revised as of December 1, 2010. We employ the text in effect at the time of the District Court's judgment; however, the 2010 amendment does not change the

4

and draw all inferences in the light most favorable to the non-moving party." Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008).

Orders involving the appointment of counsel or the scope or availability of discovery are reviewed for abuse of discretion. Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000); Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). With regard to motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, we exercise plenary review over matters of law and abuse-of-discretion review otherwise. Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001). "If no substantial question is presented by this appeal, we may summarily affirm the District Court's order on any ground supported by the record." United States v. Rhines, ___ F.3d ___, 2011 U.S. App. LEXIS 6781, at *3 (3d Cir. Apr. 4, 2011, No. 10-4077); see also Third Cir. L.A.R. 27.4; IOP 10.6.

### III.

Under the PLRA, "[n]o action *shall be brought* with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The language of the statute sweeps broadly; the phrase "prison conditions" covers all "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies must

relevant standard for granting summary judgment. See Fed. R. Civ. P. 56 advisory committee's 2010 note.

be proper and in accordance with applicable regulations and policies, and noncompliance cannot be excused by the courts. Woodford v. Ngo, 548 U.S. 81, 83 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). If exhaustion is not complete at the time of filing, dismissal is mandatory. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed . . . is insufficient."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999); see also Nyhuis, 204 F.3d at 77 n.12 ("The more sensible rule, and the one we believe Congress intended, is that inmates first test and exhaust the administrative process, and then, if dissatisfied, take the time necessary to file a timely federal action.").

In the instant case, it was plain from the moment of commencement that Toney had not complied fully with the administrative grievance process; indeed, he indicated as such on the front page of his complaint. Nor was Toney mistaken. At the time of filing, less than a month had passed since the complained-of incident, and he had just begun pursuing his administrative remedies.

Toney argues that he was misinformed by two non-parties to the suit regarding the proper filing of grievance appeals. See, e.g., Pl.'s Br. in Opposition to Def.'s Mot. to Dismiss 1–2. We have previously held that erroneous instructions or other impediments to pursuing administrative relief may render those remedies "unavailable" for the purposes of § 1997e(a), and can potentially excuse a failure to comply therewith. See,

6

e.g., Brown v. Croak, 312 F.3d 109, 112–13 (3d Cir. 2002); see also Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under § 1997e(a) . . . ."). But nowhere does Toney argue that he received bad information regarding the proper time to file his federal suit, and he does not otherwise connect the misinformation he allegedly received to the salient issue on appeal: not procedural default, but instead the failure to fully exhaust administrative remedies *before* taking his complaint to court. Accordingly, even assuming *arguendo* that Toney was misled regarding the appeals process for his administrative grievances, those errors do not, under the language of the PLRA and the facts of his case, excuse premature commencement in federal court.[6]

As the District Court's disposition was correct, it follows that it also rightly denied Toney's requests for appointment of counsel and did not abuse its discretion in declining to reconsider its final judgment. See Tabron, 6 F.3d at 155 (establishing consideration of "the merits of the plaintiff's claim" as a threshold matter in appointing counsel). Nor, given the deficiencies of the complaint, did the District Court err in denying Toney's

---

[6] Further, we observe that the grievance responses contain instructions for appealing adverse decisions. See, e.g., Part B – Response, Def.'s Statement of Material Facts Ex. L, ECF No. 28-2 ("If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received . . . within 30 calendar days of the date of this response."). And despite Toney's professed lack of familiarity with the grievance process, he appeared to be cognizant of the "sensitive issue" exception to institutional commencement contained in 28 C.F.R. § 542.14(d)(1). See, e.g., Regional Administrative Remedy Appeal, Def,'s Statement of Material Facts Ex. H, ECF No. 22-2.

request for discovery. Cf. Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (holding

that the District Court did not abuse its discretion in declining to grant additional

discovery when the plaintiff had not exhausted administrative remedies).

IV.

There appearing to be no substantial issue in this appeal, we will summarily affirm

the order of the District Court.[7] To the extent that Toney's "Notice of Issues of Appellate

Review/Declaration for Entry of Default," "Motion for Default Judgment," and March 8

"Status Report" request independent relief, they are denied.

---

[7] As failure to exhaust is an affirmative defense, we have recognized that "sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint." Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002). Here, the defect in Toney's complaint *was* apparent from its face, and sua sponte dismissal would have been appropriate. See id. at 293 n.5 (discussing the "district court's inherent power to dismiss sua sponte a complaint which facially violates a bar to suit"). As our analysis in this appeal was limited to the question of whether Toney's suit was prematurely filed, we have not examined and will not address the issue of whether Toney has exhausted his administrative remedies since commencing suit. See Neal, 267 F.3d at 123 ("We have recognized that failure to exhaust administrative remedies is usually a 'curable, procedural flaw' that can be fixed by exhausting those remedies and then reinstituting the suit. . . . Since [the plaintiff's] amended complaint was properly dismissed without prejudice, he may simply re-file his pleadings, if so advised, after fully complying with the exhaustion requirement.") (citations omitted).