NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTHUR PARNELL, III,

            Plaintiff - Appellant,

   v.

A. TUCKER, Associate Warden; et al.,

            Defendants - Appellees.

No. 10-16044

D.C. No. 4:06-cv-07662-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

    California state prisoner Arthur Parnell, III, appeals pro se from the district

court's order of dismissal and summary judgment in his 42 U.S.C. § 1983 action

alleging denial of the right to practice his Islamic faith in violation of the First

Amendment and the Religious Land Use and Institutionalized Person's Act

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the dismissal of claims for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and the grant of summary judgment, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc). We affirm.

The district court properly concluded that Parnell failed to exhaust his administrative remedies as to claims against defendants Binekele and Beguhl for their alleged refusal to allow him to congregate with other Muslim inmates in the prison yard for Friday prayers. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (the Prison Litigation Reform Act requires "proper" exhaustion). Notwithstanding his mistaken belief that it would be duplicative to file an appeal after grieving a similar prior incident, Parnell failed give prison officials requisite notice of these claims. *See Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010) (no exhaustion if grievance is insufficient to put officials on notice of inmate's complaint).

The district court properly granted summary judgment on Parnell's First Amendment claim against defendants Tucker and Thomas based on the four-factor test in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Parnell did not raise a triable dispute as to whether defendants' failure to allow Parnell to attend certain prayer services during Ramadan was reasonably related to legitimate penological interests in security, denied him all religious expression, could be accommodated without a

severe burden on prison resources, or could be readily substituted with alternatives. *See id.*; *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987) (upholding prison work assignments under *Turner* that kept Muslim inmates from Friday prayers but did not preclude them from other religious activities).

The district court properly granted summary judgment on Parnell's RLUIPA claim against defendants Tucker and Thomas because Parnell failed to raise a triable dispute as to whether being precluded from certain prayer services during Ramadan significantly restricted his ability to engage in other religious activity. *See* 42 U.S.C. § 2000cc-1(a) (no government may impose a "substantial burden" on religious exercise of a person in an institution); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004) (government policy imposes a "substantial burden" if it constitutes a "significantly great restriction or onus on any exercise of religion" (citations and internal quotation marks omitted)).

Parnell's remaining contentions are unpersuasive.

**AFFIRMED.**