**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR SOLIS, | No. 10-17083 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00345-JMR |
| v. | |
| McKESSEN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John M. Roll, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Salvador Solis, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative remedies); *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam) (summary judgment). We may affirm on any ground supported by the record, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1076-77 (9th Cir. 2003), and we affirm.

To the extent that Solis claimed that McKessen retaliated against him for exercising his First Amendment rights by slamming a cell door on his finger and calling him a "rat" or "snitch" in front of other inmates, the district court properly dismissed the retaliation claim because Solis failed to exhaust his administrative remedies. *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (discussing the level of factual specificity required in a grievance to establish exhaustion of an inmate's administrative remedies).

To the extent that Solis exhausted claims raised in his amended complaint concerning allegedly retaliatory harassment by McKessen, dismissal was proper because Solis failed to raise a genuine dispute of material fact as to whether McKessen's actions chilled his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-69, n.11 (9th Cir. 2005) (listing the five elements of a retaliation claim and discussing the chilling element).

Summary judgment was proper as to Solis's excessive force claim because Solis failed to raise a genuine dispute of material fact as to whether McKessen used

more than de minimis force. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Solis's request for additional discovery because Solis failed to satisfy the requirements of Fed. R. Civ. P. 56(d). *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requirements under former Fed. R. Civ. P. 56(f)); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

The district court did not abuse its discretion by denying Solis's motions for appointment of counsel because Solis failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

Solis's remaining contentions are unpersuasive.

We do not consider Solis's contentions raised for first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**