**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRIN L. ARMSTRONG, | No. 11-57229 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00401-WQH-WVG |
| v. | |
| LARRY SMALL, Warden, Former Warden, CDCR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

California state prisoner Darrin L. Armstrong appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference and negligence in connection with a prison riot.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies, and for clear error its factual determinations. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). We affirm.

The district court properly dismissed Armstrong's action for failure to exhaust administrative remedies because Armstrong did not raise in his grievance the claims that he now raises in this action. *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) ("'[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" (citation omitted)); *Wright v. State*, 122 Cal. App. 4th 659, 665 (2004) (both federal and state law require that inmates exhaust administrative remedies before filing suit).

Armstrong's contentions concerning whether he had to exhaust, even though damages were unavailable through the administrative process, and the district court's alleged violation of his right to "Fair Notice," are unpersuasive.

**AFFIRMED.**