**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

AUG 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRYL D. BROWN,

               Plaintiff - Appellant,

   v.

JOHNSON, MTA; MACIAS, Correctional
Officer,

               Defendants - Appellees.

No. 11-56654

D.C. No. 2:05-cv-06279-RSWL-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Submitted August 7, 2013**
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

     Plaintiff-Appellant Darryl Brown is a prisoner serving a three-strikes

sentence in the California prison system.  Brown alleges that Defendants-Appellees

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kate Laymon[1] and Stefanie Johnson were deliberately indifferent to his needs under the Eighth Amendment, and seeks money damages under 42 U.S.C. § 1983. The district court dismissed Brown's claim against Laymon for failure to exhaust administrative remedies, and granted summary judgment to Johnson. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court properly dismissed Brown's claim against Laymon for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Here, Brown's administrative appeals focused entirely on his medical and housing complaints. The only thing that might have alerted the defendants that Brown also was complaining about being let out of his cell without an escort was his statement that "they open my door for me to go take a diabetic shot." However, that statement was simply a description of the events leading up to Brown's fall down the stairs; it was not a complaint about being let out of his cell, by Laymon

---

[1] Laymon's previous surname was "Macias."

or anyone else, without an escort. Indeed, Brown's statement does not suggest that the opening of Brown's cell without an escort was unusual (the district court found that it was not); assert that Brown fell because he was allowed to go to the infirmary unescorted; or identify even generically the person(s) who might have enabled him to leave his cell without an escort. Without saying something that would have alerted the prison to the possibility that he was complaining about Laymon or the lack of an escort, Brown failed to exhaust his remedies with respect to his claim against Laymon. *See Morton v. Hall*, 599 F.3d 942, 945–46 (9th Cir. 2010) (prisoner's administrative appeals were insufficient to appraise the prison that he was complaining about an assault by other inmates, when the appeals mentioned only the prison's decision to deny him the right to visit with minors).[2]

2.      The district court properly granted summary judgment to Johnson. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, "a

---

[2] Contrary to Brown's argument, the district court had the authority and discretion to revisit its order denying the defendants' first motion to dismiss for failure to exhaust. That denial was for a lack of proof, was not a ruling on the merits, and was not law of the case.

plaintiff must show that the official was (a) subjectively aware of the serious medical need and (b) failed adequately to respond." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017–18 (9th Cir. 2010) (citation omitted).

Brown presented no evidence that Johnson knew of or disregarded the risk that he would fall down the stairs on his way to the infirmary. No evidence contradicted Johnson's statement that it was not her job to decide whether an inmate requires an escort. Moreover, nothing showed that Johnson knew Brown did not have an escort to the infirmary, that Johnson had agreed to provide an escort, or that Johnson told Laymon to open Brown's cell door before he fell down the stairs. Brown also presented no evidence that Johnson knew of and disregarded Brown's failure to receive insulin after his fall. Brown did not show that Johnson knew Brown was not receiving insulin, and he failed to offer evidence contradicting Johnson's declaration that she "never denied Plaintiff his insulin shots because of his inability to walk to the infirmary." Therefore, Brown failed to raise any genuine issue of material fact that would allow a reasonable jury to find deliberate indifference.

**AFFIRMED.**

4