**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR T. BUSSIERE, | No. 13-15719 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00945-AWI-DLB |
| v. | |
| CANO, Correctional Counselor II; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 10, 2014[**]

Before:    PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

California state prisoner Arthur T. Bussiere appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations arising from assaults on him by other inmates.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to exhaust

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative remedies, and for clear error the district court's factual findings. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). We affirm.

The district court properly dismissed Bussiere's claim against defendant Lopez because Bussiere failed to exhaust administrative remedies or demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Morton*, 599 F.3d at 946 (explaining that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought," and concluding that inmate grievance that did not refer to an assault was insufficient to put prison officials on notice of prisoner's complaint about an assault) (citation and quotation marks omitted); *cf. Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (exhaustion is not required where administrative remedies are rendered "effectively unavailable").

**AFFIRMED.**

13-15719