**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRA DON PARTHEMORE, | No. 13-17303 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01829-MCE-EFB |
| v. | |
| WILLIAM KNIPP, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Ira Don Parthemore, a California state prisoner, appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1162, 1171 (9th Cir. 2014) (en banc), and we affirm.

The district court properly dismissed Parthemore's claims against Conlon, Cross, and Rogers for failure to exhaust administrative remedies because Parthemore did not raise in his grievance the claims that he now raises against these defendants in this action. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (a grievance must "provide notice of the harm being grieved" and "[t]he level of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures" (citation and internal quotation marks omitted)).

**AFFIRMED.**