

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICA SOLTERO, | No. 13-16971 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01063-JAM-EFB |
| v. | |
| MACY'S, INC., an Ohio corporation, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 15, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,** District Judge.

Erica Soltero ("Soltero") appeals the district court's grant of Macy's, Inc.'s

("Macy's") motion to compel arbitration and to dismiss her action. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

**1.** Soltero first argues that she was entitled to discovery on the content of an electronic acknowledgment form she signed before the district court ruled on the motion to compel arbitration. We review for abuse of discretion the district court's ruling whether to permit discovery under Federal Rule of Civil Procedure 56(d) in the context of a summary judgment[1] proceeding. *See Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010).

**2.** Here, Soltero did not "diligently pursue[]" discovery. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). The parties conferred over a month and a half before the hearing on Macy's motion to compel arbitration, but Soltero propounded no discovery requests. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Further, there were no surprises here. Soltero filed a declaration in support of her opposition to Macy's motion to compel arbitration, which demonstrates that Soltero and her counsel had notice that the motion would be treated as a motion for summary judgment. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

---

[1]The district court treated Macy's motion to compel arbitration and to dismiss as a motion for summary judgment.

2

**3.**     Next, Soltero argues that the district court erred in overruling her evidentiary objections to the declaration filed by Macy's that explained the process through which new hires, and specifically Soltero, signed electronic forms. The bases for Soltero's objections are an alleged lack of certainty in the precise text of the acknowledgment form she signed and a lack of proper authentication. We review evidentiary rulings for abuse of discretion. *Valdivia v. Schwarzenegger*, 599 F.3d 984, 993-94 (9th Cir. 2010); *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (discussing evidentiary rulings in the summary judgment context). To reverse an evidentiary ruling, we must also conclude that the error was prejudicial. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 534 (9th Cir. 2011).

**4.**     Even assuming that the district court erred in its evidentiary ruling, an issue we do not decide, any error was not prejudicial. Soltero's only argument in the district court was that the arbitration agreement she entered into was unconscionable. She did not raise any dispute over the terms of the arbitration agreement, nor the content of any writing she received from Macy's that addressed the arbitration agreement. Because there was no dispute in district court over the terms of the arbitration agreement, and because Soltero does not deny that she

3

signed an acknowledgment form, the district court's ruling, even assuming error, was not prejudicial.

AFFIRMED.