**Homer Lee PREYER, Plaintiff–Appellant,**

v.

**N. SAUKHLA, M.D. for CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES; et al., Defendants–Appellees.**

No. 13–16425.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 3, 2015.

Homer Lee Preyer, Vacaville, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tyler V. Heath, Deputy Attorney General, Monica N. Anderson, Esquire, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Homer Lee Preyer, a California state prisoner, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca,* 747 F.3d 1162, 1171 (9th Cir.2014) (en banc), and we affirm.

The district court properly dismissed Preyer's action for failure to exhaust administrative remedies because Preyer did not raise in his grievance the claims that he now raises against the defendants in this action. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Morton v. Hall,* 599 F.3d 942, 946 (9th Cir. 2010) (a grievance must "provide notice of the harm being grieved" and "[t]he level of detail in an administrative grievance nec-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

essary to properly exhaust a claim is determined by the prison's applicable grievance procedures" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Preyer's request for appointment of counsel, set forth in his reply brief, is denied.

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.