**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CURTIS LEE HENDERSON, Sr.,

Plaintiff - Appellant,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS & REHABILITATION;
et al.,

Defendants - Appellees.

No. 14-17377

D.C. No. 5:11-cv-04918-RMW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted January 20, 2016**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Curtis Lee Henderson, Sr., a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo summary judgment and dismissal for failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment to defendant Espinoza because Henderson failed to raise a genuine dispute of material fact as to whether Espinoza was deliberately indifferent to Henderson's shoulder and jaw pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court properly concluded that Henderson failed to exhaust his administrative remedies because Henderson did not raise in his grievance the claims that he now raises against defendants Yu and Shampain. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation

14-17377

marks omitted)).

The district court did not abuse its discretion by setting aside the entry of default against defendant Shampain based on its finding of good cause. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (setting forth standard of review for setting aside an entry of default).

Appellees' request for judicial notice, filed on August 28, 2015, is granted.

Appellees' renewed motion to revoke Henderson's in forma pauperis status, set forth in the answering brief, is denied. *See* 28 U.S.C. § 1915(g); *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (an inmate's liberally construed facial allegations of an ongoing danger at the time the notice of appeal is filed satisfy the "imminent danger" requirement).

**AFFIRMED.**