**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DERRICK LANG HUNTER, | No. 14-35252 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00107-JPH |
| v. | |
| SHELLY THOMPSON, Supervisor Assistant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Washington state prisoner Derrick Lang Hunter appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging claims arising out of alleged sexual and racial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

harassment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly dismissed as to defendants Vail, Morse, Parker, Scott, and Barlow because Hunter did not raise his claims of alleged failure to train and supervise in any grievance before filing this action. *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." (citation and internal quotation marks omitted)).

The district court properly dismissed as to defendants Thompson and Burnette because, although Hunter made complaints of harassment through Prison Rape Elimination Act procedures, Hunter did not properly exhaust through the Offender Grievance Program, and did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" (citation omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where exhaustion might be excused); *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) (a prisoner cannot constructively exhaust through participation in an internal

investigation, which is not "equivalent to [the] assertion of a grievance in the administrative procedure available at the [prison]").

**AFFIRMED.**