NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM LEONARD, AKA Bill Leonard, | No. 17-16735 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00275-MMD-VPC |
| v. | |
| RENEE BAKER, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Nevada state prisoner William Leonard, AKA Bill Leonard, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims stemming from defendants' use of a catheter to obtain a urine

sample from Leonard.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Leonard's Fourth and Eighth Amendment claims related to the use of a catheter because Leonard failed to raise a genuine dispute of material fact as to whether the use of a catheter was medically unacceptable and done in conscious disregard to an excessive risk to Leonard's health. *See George v. Edholm*, 752 F.3d 1206, 1217-20 (9th Cir. 2014) (discussing factors for evaluating Fourth Amendment nonconsensual physical search claim); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish a medical deliberate indifference claim, prisoner must show that the course of treatment was medically unacceptable under the circumstances and chosen in conscious disregard to an excessive risk to his health).

The district court did not abuse its discretion by denying Leonard's Fed. R. Civ. P. 56(d) motion to continue summary judgment to allow further discovery because Leonard failed to identify specific facts to be obtained in discovery that were essential to oppose summary judgment. *See Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010) (setting forth standard of review); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after

facts are essential to oppose summary judgment").

The district court did not abuse its discretion by denying Leonard's motion for appointment of counsel because Leonard failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and exceptional circumstances requirement).

The district court did not abuse its discretion by denying Leonard's motion for reconsideration because Leonard failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

**AFFIRMED.**