**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WELLS FARGO BANK, N.A.,

   Plaintiff-Appellee,

 v.

MANUK AKOPYAN,

   Defendant-Appellant,

 v.

ARIANNA ANI ZADOURIAN,

   Defendant-Appellee,

 v.

M & A LIFESTLYE, INC.,

   Cross-defendant-Appellee,

 and

MARA LIFESTYLE; PURE C, INC.,

   Cross-defendants.

No. 21-55280

D.C. No.
2:20-cv-07512-JFW-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John F. Walter, District Judge, Presiding

Submitted February 14, 2022[**]
San Francisco, California

Before:  SILER,[***] S.R. THOMAS, and CALLAHAN, Circuit Judges.

Manuk Akopyan and Arianna Zadourian became romantically involved and formed M&A Lifestyle, Inc. ("M&A") and other businesses to sell CBD, an active ingredient in cannabis.  When the relationship soured, Manuk sued Arianna in a California court alleging that she was improperly ousting him from M&A.  Wells Fargo Bank, N.A. ("Wells Fargo") commenced this federal action by filing an interpleader action in the district court asserting that both Manuk and Arianna claimed certain funds held by Wells Fargo.  The district court determined that the funds belonged to M&A and could be paid out to Arianna, the sole signatory on the M&A accounts, and declined to exercise supplemental jurisdiction over Manuk's state law claims.  Manuk appeals, asserting that the district court should not have granted summary judgment and should have stayed the proceedings under

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the *Colorado River* doctrine.[1]  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  We affirm.

The district court's grant of summary judgment is reviewed de novo, *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1091 (9th Cir. 2005), and the evidence is viewed in the light most favorable to the non-moving party.  *S. Cal. Painters v. Best Interiors, Inc.*, 359 F.3d 1127, 1130 (9th Cir. 2004).  The district court's decision not to permit additional discovery prior to granting summary is reviewed for abuse of discretion.  *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010).  But where, as here, the district court fails to address a request for additional discovery, the omission is reviewed de novo.  *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998).  "Whether the facts of a particular case conform to the requirements for a *Colorado River* stay or dismissal is question of law which we review de novo.  If we conclude that the *Colorado River* requirements have been met, we then review the district court's decision for abuse of discretion. *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (2017) (citations and internal quotation marks omitted).

**1.**  The general purpose of an interpleader action is to decide the priority of competing claims to the interpleaded funds.  *Texaco, Inc. v. Ponsoldt*, 118 F.3d

---

[1]     With the agreement of all parties, Wells Fargo was dismissed from the action by the district court and is not a party to this appeal.

3

1367, 1369 (9th Cir. 1997). The district court found that M&A was the sole owner of the funds, that Arianna opened the Wells Fargo accounts on behalf of M&A, and that she was the only authorized signer for the accounts. Manuk does not really contest any of these facts, but argues that he is a part owner of M&A and has claims against Arianna. Manuk has not shown that the district court, having properly determined that the funds belonged to M&A, was required to adjudicate Manuk's claims to M&A and against Arianna.

**2.** Although summary judgment is usually improper prior to the conclusion of discovery, it is appropriate where discovery would be futile. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003). Manuk sought to take depositions and subpoena M&A's accountants and other witnesses. But he has not shown that the discovery would have changed the facts supporting the district court's determination that the funds held by Wells Fargo belonged to M&A. The district court did not err in failing to delay the grant of summary judgment to allow for further discovery.

**3.** The *Colorado River* doctrine allows a federal court to stay federal court proceedings out of deference to parallel litigation brought in state court. *See Coopers & Lybrand v. Sun-Diamond Growers of Cal.*, 912 F.2d 1135, 1138 (9th Cir. 1990). The interpleader action and Manuk's state action are not parallel actions. The interpleader action seeks only a determination of the ownership of

4

certain funds held by Wells Fargo, while Manuk's state action concerns his claims to M&A and against Arianna. Moreover, the non-exclusive factors set forth in *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002), do not support staying the federal action. The district court reasonably declined to stay proceedings under the *Colorado River* doctrine.

The district court's grant of summary judgment is **AFFIRMED**.